# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD P. PETROCELLY, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CV 5899 |
| | ) | Judge Blanche M. Manning |
| | ) | |
| MONTAGE MEDIA CORPORATION, | ) | |
|                 Defendant. | ) | |

## MEMORANDUM AND ORDER

At age 50, plaintiff Richard Petrocelly embarked on a new career—selling advertising in magazines aimed at dentists. Although he had no sales experience, he had spent years in the dental industry, which he figured gave him an advantage. But at age 52, Petrocelly lost his job. His employer, defendant Montage Media Corporation, told him he was fired for poor sales, but Petrocelly contends the real reason was his age. He sued Montage for age discrimination under the Age Discrimination in Employment Act ("the ADEA"), *see* 29 U.S.C. § 626, *et seq.*, as well as breach of contract and violation of Illinois' Wages Payment and Collection Act, claims based upon state law.

Montage has filed a motion for partial summary judgment on Petrocelly's claim of age discrimination. In the event the court grants summary judgment on the age discrimination claim, Montage also asks the court to dismiss Petrocelly's state law claims because the court will no longer have supplemental jurisdiction over them. The court agrees with Montage that Petrocelly cannot establish a *prima facie* case of discrimination, and therefore grants the motion for partial summary judgment and dismisses without prejudice the remaining state law claims.

**BACKGROUND**

Montage hired Petrocelly as its director of national accounts on February 17, 2001, shortly after his 50th birthday. He signed a two-year employment contract. Under the terms of the contract, he earned $95,000 a year in salary, and had the chance to earn commissions if his sales exceeded 85% of the annual sales plan Montage set for him, which for 2001 was $830,267. Prior to working at Montage, Petrocelly spent more than 20 years working in various capacities within the dental industry. His expertise in the dental industry is what led Montage to hire him.

The parties have not addressed Petrocelly's performance during his first year, but at least by the second year he consistently failed to meet his plan each quarter of 2002. His sales during the fourth quarter of 2002 reached only 55% of his quarterly plan. Petrocelly continued to fall short of his plan during the first quarter of 2003, during which sales reached only 54%.

The original two-year term of Petrocelly's employment contract ended February 17, 2003. The parties dispute what became of the contract. Petrocelly contends in his affidavit that Montage confirmed extending his contract in writing, but he did not attach the written extension to his affidavit. In contrast, Montage contends that Petrocelly's contract expired and that he continued working as an at-will employee. Whatever the case, it is undisputed that during the second quarter of 2003, Petrocelly's sales improved, but at 82% still fell short of his plan. As a result, Montage moved him to the position of senior account manager, and reduced his salary to $82,500. Montage memorialized its decision in a letter to Petrocelly, in which it described the "sales situation" during Petrocelly's fourth quarter of 2002 and first quarter of 2003 as "precaraious" and "deteriorating." Petrocelly disputes that his performance during that period was "precarious" and "deteriorating," but agrees that his sales were "not good."

Although Petrocelly came close to achieving 85% of his plan during the second quarter of 2003, during the third quarter he fell further behind, achieving only 67%. By August 2003, Montage had decided to terminate Petrocelly. In a letter to Petrocelly, Montage wrote that it was terminating him because "the level of quarterly sales has been declining and the gap between actual sales performance and plan seems to be growing."

Following his termination, Petrocelly cross-filed with the EEOC and the Illinois Department of Human Rights a charge of discrimination in which he alleged that he was terminated for declining sales even though younger peers who had worse sales were not fired. The EEOC issued Petrocelly a right-to-sue letter, and Petrocelly, in turn, filed this suit.

## ANALYSIS

1.   **Summary Judgment Standard**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court may grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Valenti*, 970 F.2d at 365; *Anderson*, 477 U.S. at 248.

Accordingly, the nonmoving party may withstand summary judgment only by showing that a dispute over a "genuine" material fact exists; that is, the evidence is such that a reasonable jury could render a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The nonmoving

party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

### 2. Age Discrimination

The ADEA prohibits employers from discriminating based upon age. 29 U.S.C. § 623; *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006). To survive summary judgment on his claim of age discrimination, Petrocelly needs to come forward with evidence that would establish discrimination under either the direct or indirect methods. To establish discrimination under the direct method, Petrocelly would essentially need to show that Montage admitted that it fired him because of his age. *Id.*, 442 F.3d at 610. Petrocelly has not pointed to any evidence of that sort, and instead attempts to establish discrimination under the indirect method as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Under *McDonnell Douglas*, an employee survives summary judgment by establishing a *prima facie* case of discrimination. *Scaife v. Cook County*, 446 F.3d 735, 739 (7th Cir. 2006). To show a *prima facie* case of age discrimination, Petrocelly must present evidence that (1) he was within the protected class (40 or older); (2) he was meeting his employer's reasonable expectations; (3) he suffered an adverse employment action; and (4) younger employees who were similarly situated were treated more favorably. *See Grimm v. Alro Steel Corp.*, 410 F.3d 383, 385 (7th Cir. 2005). Only if Petrocelly establishes all four requirements will the burden shift to Montage to identify a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If it does, then the burden returns to Petrocelly to rebut Montage's reason with evidence that the reason is pretextual, which means that Montage's reason is really a "dishonest

explanation, a lie rather than an oddity or an error." *See Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006).

Montage concedes that Petrocelly has evidence satisfying two of the four *prima facie* prongs: at 52, he was within the protected class, and he suffered an adverse employment action when he was fired. However, Montage contends that Petrocelly cannot establish either the second or fourth prongs because (1) his sales consistently fell below Montage's expectation that they reach at least 85% of the sales plan it set for him at the start of each year, and (2) salespersons who were not fired were not similarly situated to him because (a) he had decades of experience in the dental industry while they had none, and (b) they had worked for Montage half as long as he had. Montage also contends that Petrocelly cannot show that salespersons substantially younger than him were treated better because he offered no evidence of their ages. The court will consider in turn whether Petrocelly has evidence satisfying the second and fourth prongs of the *prima facie* showing.

### *Reasonable Expectations*

Petrocelly contends his sales were good and growing, and therefore he was meeting Montage's reasonable expectations. Montage, on the other hand, contends that Petrocelly was not meeting its reasonable expectations because his sales were not at least 85% of the plan Montage set for him for 2002 and 2003. Petrocelly concedes that he did not meet 85%, but disputes that he was required to do so. Alternatively, he argues that whether he was required to sell 85% is a question of fact precluding summary judgment.

The gist of Petrocelly's argument that he was meeting Montage's reasonable expectations is that his employment contract contained no requirement that he sell 85% of his plan. But

Petrocelly's argument is beside the point. Even if the contract did not require him to sell 85% of his plan, Montage's expectation that he do so is nevertheless reasonable. An employment contract is not the only source of an employer's reasonable expectations, as demonstrated by countless cases in which courts have found that at-will employees (who have no contract) were not meeting their employer's reasonable expectations. *See, e.g., Cerutti v. BASF Corp.*, 349 F.3d 1055, 1064-65 (7th Cir. 2003) (hourly employees did not meet employer's leigitmate expectations); *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 462-63 (7th Cir. 1986) (at-will employee not meeting employer's legitimate expectations).

Petrocelly was hired as a salesperson, and Montage let him know at the start of each year how much it expected him to sell. Its expectation that he make sales totaling 85%—whether or not it was also required under his employment contract—is thus reasonable. *See Blise v. Antaramain*, 409 F.3d 861, 868 (7th Cir. 2005) (court is not a superpersonnel office that second guesses what skills an employer values in its employees). But Petrocelly failed to achieve even the 85% level. It is undisputed that sales fell to 55% during the fourth quarter of 2002, and again during the first quarter of 2003. During his deposition, even Petrocelly agreed that his sales during this period were "not good." Poor sales was also the reason Montage cited in June 2003 when it changed his title from director of national accounts to senior account manager of the midwest territory, and reduced his salary from $95,000 to $82,500.

In sum, Montage reasonably expected Petrocelly to sell at or near the sales plan it had established, and by consistently selling significantly below the plan, Petrocelly was not meeting Montage's reasonable expectations. As a result, Petrocelly cannot establish the second prong of the required *prima facie* showing.

*Similarly Situated*

Having failed to establish that he was meeting Montage's reasonable expectations, Petrocelly attempts to salvage his ability to survive summary judgment by asserting that similarly-situated, younger salespeople also failed to meet their sales plans but were not terminated. If true, then Petrocelly would have evidence that Montage applied its reasonable employment expectations in a disparate manner, with the result that the second and fourth prongs of the *prima facie* showing merge. *Peele*, 288 F.3d at 329. Petrocelly could then proceed by showing only that Montage treated younger, similarly-situated employees who also failed to meet their sales plans more favorably. *Id.*

In order to show that the other salespersons—Michael Hornyak and Lauren Barrett-Briggs—were similarly situated, Petrocelly must show that the three were directly comparable in all material respects. *See Raymond*, 442 F.3d at 610 (to show that other employees were similarly situated, plaintiff must show at least that the other "employees possessed analogous attributes, experience, education, and qualifications"). In addition, to establish age discrimination, Petrocelly must show that the similarly-situated employees who were treated more favorably were substantially younger, meaning that the other employees were at least 10 years younger than Petrocelly. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 321-22 (7th Cir. 2003) (substantially younger means generally ten years younger).

Petrocelly has failed to establish the similarly situated prong of the required *prima facie* showing for multiple reasons, including because he he has offered no evidence of the age of the other salespersons. In his affidavit, Petrocelly refers to Hornyak and Barrett-Briggs merely as his "younger peers." In response to the motion for summary judgment he is a bit more

Page 7

descriptive—referring to them as "much younger," but fails to elaborate what he means by "much" or to identify exactly how many years younger they were. As a result, Petrocelly has failed to show that either Hornyak or Barrett-Briggs were substantially younger, meaning at least ten years younger. *Id.*

In any event, Petrocelly has failed to satisfy the fourth prong of the *prima facie* showing for two other reasons. First, Petrocelly was hired primarily because of his 20 years' experience in the dental industry. In contrast, before working for Montage, Hornyak and Barrett-Briggs had no experience in the dental industry. As a result, they earned substantially lower base salaries than Petrocelly's—$82,000 for Hornyak and $70,000 for Barrett-Briggs. Given that Montage hired Petrocelly for his expertise in the industry, and given that his base salary was substantially higher than the other salespersons' salaries, it is reasonable that Montage expected greater sales from him. *See Sartor v. Spherion Corp.*, 388 F.3d 275, 279-80 (7th Cir. 2004) ("expertise with a product that the company regarded as central to its future business plans makes [coworker] dissimilar to [plaintiff]"). Second, at the time he was fired Petrocelly had worked for Montage twice as long as Hornyak and Barret-Briggs. Length of service is significant because Montage fired Petrocelly only after he had had two-and-a-half years to prove himself. In contrast, Hornyak and Barrett-Briggs had been employed by Montage for half the time, and therefore had had less time to prove themselves. *See Doe v. First Nat'l Bank of Chicago*, 865 F.2d 864, 877 (7th Cir. 1989) (long tenure with company meant that plaintiff was not similarly situated to shorter-tenured employees). Therefore, even if their sales were as poor as Petrocelly's (a fact Montage denies), they had a shorter track record and accordingly were not similarly situated.

## CONCLUSION

Petrocelly cannot establish a *prima facie* case of age discrimination because he cannot show that he was meeting Montage's reasonable expectations, or that younger, better-treated salespersons were similarly situated to him. In the absence of a *prima facie* case, the court will therefore not proceed to analyze under *McDonnell Douglas* whether Montage articulated a legitimate, nondiscriminatory reason for firing Petrocelly, and whether Petrocelly responded with evidence that Montage's reason was pretextual.

Accordingly, Montage's motion for partial summary judgment [64-1] on Count I is GRANTED. Petrocelly's remaining counts allege claims under state law. Petrocelly has not set forth a basis of diversity jurisdiction, and therefore Counts II and III are dismissed without prejudice for want of subject matter jurisdiction. If Petrocelly wants to pursue those counts, he must do so in state court. In light of the court's ruling, the motion filed by Montage [60-1] to strike some of Petrocelly's responses to its statements of undisputed facts is DENIED as moot.

ENTER:

DATE: July 18, 2006

_____
Blanche M. Manning
United States District Judge